IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINTS DIVISION

**CHRISTOPHER PHILLIPS, Individually and**                    **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                    No. 6:23-cv-_____

**OAKLAWN JOCKEY CLUB, INC.**                                **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Christopher Phillips ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, for his Original Complaint—Collective Action ("Complaint") against Defendant Oaklawn Jockey Club, Inc. ("Defendant"), states and alleges as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practices of failing to pay proper overtime compensation under the FLSA and the AMWA.

## II.     JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      The acts and omissions which gave rise to this Complaint arose in Garland County; therefore, venue is proper within Hot Springs Division of this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.      Plaintiff is an individual and resident of Garland County.

7.      Defendant is a domestic, for-profit corporation.

8.      Defendant's registered agent for service is Walter M. Ebel III at 400 West Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201.

9.      Defendant maintains a website at https://oaklawn.com/.

## IV.     FACTUAL ALLEGATIONS

10.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

11.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as beverages and food.

12.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

14.     Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

15.     Specifically, Defendant employed Plaintiff as a salaried Slot Technician Supervisor from May of 2021 until the October of 2022.

16.     Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

17.     Defendant also hired other individuals to work as Slot Technician Supervisors.

18.     Other Slot Technician Supervisors were also classified as exempt from the overtime requirements of the FLSA and were paid a salary rather than an hourly wage.

19.     At all relevant times herein, Defendant directly hired Slot Technician Supervisors to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20.     As a Slot Technician Supervisor, Plaintiff was primarily responsible for training new employees on the slot machines, diagnosing and repairing slot machines and moving machines around as needed.

21.     Other Slot Technician Supervisors had the same or similar duties to Plaintiff.

22.     Plaintiff and other Slot Technician Supervisors did not have the authority to hire or fire any other employee, nor were their recommendations as to hiring or firing given particular weight.

23.     Plaintiff and other Slot Technician Supervisors did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

24.     The duties of Plaintiff and other Slot Technician Supervisors were rote and routine, and they sought input from supervisors when their duties were not route or routine.

25.     Plaintiff regularly or occasionally worked over forty hours per week.

26.     In addition to the hours Plaintiff worked at Defendant's facility, Plaintiff was also regularly required to answer after-hours calls and respond to emails from home as part of his work for Defendant.

27.     Defendant regularly scheduled Plaintiff to work at least 40 hours per week; however, Plaintiff regularly began working prior to his scheduled shift and continued working past the end of his scheduled shift.

28.     Upon information and belief, other Slot Technician Supervisors had similar schedules to Plaintiff and also regularly or occasionally worked over forty hours per week.

29.     Defendant did not maintain a system by which Plaintiff or other Slot Technician Supervisors could record and submit their hours worked.

30.     Defendant knew or should have known that Plaintiff and other Slot Technician Supervisors worked over 40 hours in some weeks.

31.     Defendant did not pay Plaintiff and other Slot Technician Supervisors 1.5 times their regular rate of pay for hours worked over 40 each week.

32.    In addition to his salary, Plaintiff regularly received bonuses based on performance ("performance bonuses").

33.    The performance bonuses are based on objective and measurable criteria.

34.    Plaintiff expected to receive the performance bonuses and did in fact receive the performance bonuses.

35.    Upon information and belief, all or most Slot Technician Supervisors received performance bonuses.

36.    Defendant informs its Slot Technician Supervisors of the performance bonuses during a meeting with managers and supervisors. Slot Technician Supervisors expect to receive bonuses when they meet the required criteria.

37.    Upon information and belief, Defendant did not pay Plaintiff and other Slot Technician Supervisors 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

38.    The bonuses Plaintiff and other Slot Technician Supervisors received should be included in their regular rates of pay used to calculate their overtime rates.

39.    29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

40.    Defendant violated the FLSA and AMWA by not including all forms of compensation, such as the performance bonuses of Plaintiff and other Slot Technician Supervisors, in their regular rate when calculating overtime pay.

41.    Upon information and belief, Defendant's pay practices were the same for all Slot Technician Supervisors who received performance bonuses.

42.     The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally misclassified Plaintiff and other Slot Technician Supervisors as salaried employees in order to avoid paying them an overtime premium for hours worked over forty each week.

43.     Defendant made no reasonable efforts to ascertain and comply with applicable law.

44.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

45.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over forty in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

46.     Plaintiff proposes the following collective under the FLSA:

**All Slot Technician Supervisors in the past three years.**

47.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

48.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.     They were paid a salary;

B.     They received bonuses in addition to their salary;

C.     They worked hours over forty in at least one week in the three years preceding the filing of this Complaint;

D.     They worked over forty hours in at least one week in which they performed work related to a bonus;

E.     They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week;

F.     They had the same or substantially similar job duties and responsibilities; and

G.     They were classified by Defendant as exempt from the overtime requirements of the FLSA.

50.     Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds five persons.

51.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

52.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

53.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57.    Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

58.    Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week while Plaintiff was a salaried employee.

59.    Defendant knew or should have known that its actions violated the FLSA.

60.    Defendant's conduct and practices, as described above, were willful.

61.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

64.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

67.     Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

68.     Despite the entitlement of Plaintiff and similarly situated employees to overtime payments under the FLSA, Defendant failed to pay Plaintiff and similarly situated employees an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 each week while they were salaried employees.

69.     Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

70.     Defendant knew or should have known that its actions violated the FLSA.

71.     Defendant's conduct and practices, as described above, were willful.

72.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff, and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

74.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

75.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

76.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

78.     Defendant misclassified Plaintiff as exempt from the overtime requirements of AMWA.

79.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week while he was a salaried employee.

80.     Defendant knew or should have known that its practices violated the AMWA.

81.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

82.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Phillips, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

E.    An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTOPHER PHILLIPS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Center Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com