IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**CHRISTOPHER PHILLIPS, Individually and**            **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.            No. 6:23-cv-6055-SOH

**OAKLAWN JOCKEY CLUB, INC.**            **DEFENDANT**

### DECLARATION OF CHRISTOPHER PHILLIPS

    I, Christopher Phillips, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

    1.      My name is Christopher Phillips, and I am over the age of eighteen and duly qualified to execute this declaration.

    2.      I am a resident and domiciliary of Arkansas.

    3.      I was employed by Oaklawn Jockey Club, Inc. (hereinafter "Defendant) to work as a salaried Slot Technician Supervisor from May of 2021 until the October of 2022.

    4.      Defendant also employed other Slot Technician Supervisors ("Slot Technician Supervisors"), and I am personally familiar with the conditions under which other Slot Technician Supervisors worked because I worked alongside and communicated with other Slot Technician Supervisors.

    5.      Defendant classified me and other Slot Technician Supervisors as exempt from the overtime requirements of the FLSA and we were paid a salary rather than an hourly wage.

6. As a Slot Technician Supervisor, I was primarily responsible for training new employees on the slot machines, diagnosing and repairing slot machines and moving machines around as needed.

7. Other Slot Technician Supervisors performed the same or similar job duties as I did. I know this because I worked with other Slot Technician Supervisors and observed and spoke to other Slot Technician Supervisors about the work they performed.

8. In fact, all Slot Technician Supervisors worked for Defendant in the same geographical location. We all had the same job title, performed the same or similar job duties, personally observed each other at work and spoke with each other about the work performed, our hours and our pay.

9. I did not have the authority to hire or fire any other employee, nor was my recommendations as to hiring or firing given particular weight.

10. I did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

11. My duties and the duties of other Slot Technician Supervisors were rote and routine, and we sought input from supervisors when our duties were not route or routine.

12. I regularly worked over forty hours per week.

13. In addition to the hours I worked at Defendant's facility, I was also regularly required to answer after-hours calls and respond to emails from home as part of my work for Defendant.

14. I was regularly scheduled to work at least 40 hours per week; however, I regularly began working prior to my scheduled shift, worked to the end of my shift, and then answered phone calls and other requests after the end of my shift.

15. I know that other Slot Technician Supervisors had similar schedules to me and also regularly or occasionally worked over forty hours per week. I know this because I observed other Slot Technician Supervisors work overtime and I also discussed this with them.

16. Defendant did not maintain a system by which we could record and submit our hours worked.

17. Defendant did not pay me 1.5 times my regular rate of pay for hours worked over 40 each week.

18. I am aware of the fact that Defendant did not pay other Slot Technician Supervisors 1.5 times their regular rate of pay for hours worked over 40 each week. I spoke with other Slot Technician Supervisors about their hours and their pay.

19. In addition to my salary, I received a bonus based on performance ("performance bonuses").

20. The performance bonuses were based on objective and measurable criteria.

21. I know that all or most Slot Technician Supervisors received performance bonuses because I discussed the bonuses with other Slot Technician Supervisors.

22. Defendant did not pay me and other Slot Technician Supervisors 1.5x times our base hourly rate for the hours we worked over 40 in a workweek.

23. The bonuses Plaintiff and other Slot Technician Supervisors received were not included in our regular rates of pay used to calculate their overtime rates.

24. Defendant's pay practices were the same for all Slot Technician Supervisors who received performance bonuses and I know this because I discussed this with other Slot Technician Supervisors.

25. Based on the number of Slot Technician Supervisors who worked with me, I estimate that there are approximately five or more individuals who worked as Slot Technician Supervisors for Defendant since May 2, 2020, although I do not know the exact number of the employees.

26. Other Slot Technician Supervisors for Defendant expressed to me their dissatisfaction with the way that Defendant's policies resulted in additional work for which we were not compensated.

27. Based on my experience and the knowledge I have regarding the job duties and pay of Defendant's Slot Technician Supervisors, I believe that there are other Slot Technician Supervisors, such as Thomas Stanley (former Slot Technician Supervisor) Kelly Lucas Mayo (current Slot Technician Supervisor), Alex Robertson (former Slot Technician Supervisor) who would want to join this lawsuit if they were made aware of the opportunity to join the lawsuit.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 21st day of June, 2023.

*/s/ Chris Phillips*
**CHRISTOPHER PHILLIPS**