IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**CHRISTOPHER PHILLIPS, Individually and**      **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.      No. 6:23-cv-6055-SOH

**OAKLAWN JOCKEY CLUB, INC.**      **DEFENDANT**

<u>**REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR CONDITIONAL CERTIFICATION AND
RESPONSE TO MOTION TO STRIKE DECLARATIONS**</u>

In responding to Plaintiff's Motion for Conditional Certification ("Motion"), Defendant relies on nonauthoritative decisions from other circuits to ask this Court to overturn well-established precedent in order to determine that Plaintiff has not met his burden to show he is similarly situated to the entire collective he seeks to represent. Defendant's remaining arguments are improper merits-based and credibility-based arguments, none of which is sufficient to overcome Plaintiff's evidence that the collective members were victims of a single decision, policy or plan imposed by Defendant. Defendant has provided no basis to reject Plaintiff's request for conditional certification or Plaintiff's proposed Notice and Notice-distribution procedure. Therefore, Plaintiff's Motion for Conditional Certification should be granted in its entirety.

**A. The Court should follow well-established in-circuit precedent to rule on Plaintiff's Motion for Conditional Certification.**

Despite this Court's ruling in *Wilson v. Oaklawn Jockey Club, Inc.*, No. 6:22-cv-6041-SOH (W.D. Ark.), definitively stating that "the Court will follow the well-established two-stage approach that is currently used by most district courts in the Eighth Circuit,"

Page 1 of 14
Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.
U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH
Reply in Support of Motion for Conditional Certification

Defendant makes another impassioned plea rife with apocalyptic woe that the Court abandon precedent and follow the Fifth Circuit's ruling in *Swales v. KLLM Transportation Services*, 985 F.3d 430 (5th Cir. 2021). *See* Order, *Wilson*, No. 6:22-cv-6041-SOH, Docket No. 23, filed 03/28/2023. In determining the stick with in-circuit precedent, this Court follows others in both this district and the Eastern District, as well as other districts throughout the Eighth Circuit and across the country.[1]

Once again, Defendant does not argue that the current two-tiered standard is somehow defective in ensuring underpaid employees receive their day in court, which, as described below, is the function and purpose of the FLSA. Rather, Defendant seeks to instill a sense of injustice and foul play on behalf of *employers* who are made to answer for how they pay their employees. In support of this argument, Defendant cites to a few cases in which large collectives were eventually decertified, claiming that this led to "artificial" inflation of litigation and associated costs. Defendant is relying on a false equivalence—decertification of a collective does not mean that each individual member of the collective did not have a valid claim against the employer. Rather, decertification simply means that a court determined the claims were better suited to

---

[1] *See, e.g., McCoy v. Elkhart Prods. Corp.*, No. 5:20-cv-5176, 2021 U.S. Dist. LEXIS 26069, at *5–6 (W.D. Ark. Feb. 11, 2021); *Galigher v. Neo Cabinet*, No. 2:20-cv-2140, 2021 U.S. Dist. LEXIS 4474, at *4 (W.D. Ark. Jan. 11, 2021). *See also Looney v. Weco, Inc.*, No. 4:21-cv-00165-KGB, 2022 U.S. Dist. LEXIS 167770, at *5 (E.D. Ark. Sep. 16, 2022); *Clark v. Sw. Energy Co.*, No. 4:20-cv-00475-KGB, 2022 U.S. Dist. LEXIS 61191, at *8 (E.D. Ark. Mar. 31, 2022); *Murphy v. Labor Source, LLC*, 2022 U.S. Dist. LEXIS 22481, at *40 n.4 (D. Minn. Feb. 8, 2022); *Rodriguez v. Cutchall*, No. 4:20CV3106, 2021 U.S. Dist. LEXIS 223314, at *4 (D. Neb. Nov. 16, 2021); Order, p. 5, *Mitchell v. Brown's Moving & Storage*, No. 4:19-cv-783-LPR (E.D. Ark. Jan. 11, 2021), ECF No. 25; Moreau v. Medicus Healthcare Sols., LLC, No. 20-cv-1107-JD, 2021 U.S. Dist. LEXIS 44780 (D. N.H. Mar. 10, 2021); *Piazza v. New Albertsons, LP*, No. 20-cv-03187, 2021 U.S. Dist. LEXIS 20573, at *14 n.6 (N.D. Ill. Feb. 3, 2021); *Kapzynski v. Colt Barbeque & Spirits LLC*, No. CV-21-08040-PCT-MTL, 2021 U.S. Dist. LEXIS 245204, at *5 (D. Ariz. Dec. 22, 2021) (citing *Campbell v. City of L.A.*, 903 F.3d 1090 (9th Cir. 2018)); *Kurtz v. Rcch Trios Health*, No. 4:19-CV-5049-RMP, 2021 U.S. Dist. LEXIS 249474, at *11 n.1 (E.D. Wash. Sep. 17, 2021); *Peer v. Rick's Custom Fencing & Decking, Inc.*, No. 3:20-cv-01155-AC, 2021 U.S. Dist. LEXIS 176443, at *5 n.5 (D. Or. Aug. 13, 2021); *Droesch v. Wells Fargo Bank, N.A.*, No. 20-cv-06751-JSC, 2021 U.S. Dist. LEXIS 87123, at *11 (N.D. Cal. May 6, 2021); *Wright v. Waste Pro USA, Inc.*, No. 0:19-cv-62051-KMM, 2021 U.S. Dist. LEXIS 68471, at *14-15 (S.D. Fla. Apr. 6, 2021).

Page 2 of 14
Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.
U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH
Reply in Support of Motion for Conditional Certification

individual litigation. This is a natural and expected outcome to many collective actions. *Edwards v. KB Home*, No. 3-11-240, 2012 U.S. Dist. LEXIS 186984, *23–24 (S.D. Tex. Sept. 25, 2012) ("At the decertification stage, some collective actions will continue to satisfy the certification standards and will proceed to trial; some will present too many individualized questions and will no longer proceed collectively.").

Neither Defendant's history lesson regarding the development of the two-tiered approach to certification nor its self-serving and conclusory claims of baseless litigation are sufficient to overcome the well-established system courts use to enforce the principles undergirding the FLSA upon which the two-tiered approach developed. The "modest" showing this and most other Courts throughout the United States require upon a request for conditional certification is premised on the understanding that employers have a significant advantage over employees seeking to enforce their rights under the FLSA. *See, e.g.*, *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997). A single employee has limited ability to enforce his or her rights over an employer, and § 216(b) recognizes there is strength in numbers. *See Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 519 (2d Cir. 2020) ("Section 216(b) . . . is tailored specifically to vindicating federal labor rights, and where the conditions of § 216(b) are met, employees have a substantive 'right' to proceed as a collective, a right that does not exist under Rule 23."). Further, a single employee understandably has limited knowledge regarding the inner-workings and structure of a large employer, which courts recognize in certifying a class based on a "modest" showing based on the employee's mere personal knowledge. *See Hoffman*, 982 F. Supp. at 262 (collecting cases).

**Page 3 of 14**
**Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.**
**U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH**
**Reply in Support of Motion for Conditional Certification**

Defendant's concerns that Plaintiff's lenient burden at the certification stage results in the rubber-stamping of a collective are likewise inflated and meritless, as demonstrated by this Court's Order denying certification in *Wilson*. Defendant's claim that plaintiffs merely assert similarity and receive court approval is disproved with even a cursory glance at § 216(b) case law.[2] *See* Resp., p. 13. Defendant's assertion that because courts may not consider credibility or merits arguments, those courts are somehow rendered incapable of examining whether a plaintiff is similarly situated to a putative collective has already been examined and discarded by courts in the Eighth Circuit. *See McCoy*, 2021 U.S. Dist. LEXIS 26069, at *5–6. In *McCoy*, the defendant raised almost identical arguments to those raised by Defendant here. In declining to raise the burden of demonstrating similarity, the Court noted that, "Although the burden of proof is low at the first stage of the two-stage approach, it is not non-existent, and Defendant's complaint that the two-stage approach leads courts to grant conditional certification without reviewing if potential opt-in plaintiffs are similarly situated is unfounded." *Id.* at *5–6. In fact, in reviewing the similarity in *McCoy*, the Western District of Arkansas only certified part of the collective the plaintiff requested, noting that she

---

[2] *See, e.g., Smart v. City of Hughes*, No. 2:19-cv-00047-KGB, 2020 U.S. Dist. LEXIS 110272 (E.D. Ark. June 24, 2020) ("Having carefully reviewed the motion and related filings, the applicable legal authorities, and the entire record in this matter, the Court finds that the declarations submitted by [two plaintiffs] do *not* offer evidence sufficient to show that all members of the proposed collective were subject to a common employment policy or plan."); *Pressler v. Env't Servs. Co.*, No. 4:19-CV-00007 BSM, 2019 U.S. Dist. LEXIS 244517 (E.D. Ark. Apr. 3, 2019) ("[The plaintiff's] declaration alone is not enough to prove that similarly situated plaintiffs exist and would join 'a collective action.' For these reasons, [the plaintiff's] motion for conditional certification is denied without prejudice."). *See also Harris v. Nat'l Waterproofing & Roofing LLC*, No. CV-21-01537-PHX-SPL, 2022 U.S. Dist. LEXIS 161477, at *15 (D. Ariz. Sep. 7, 2022) ("[T]his Court is unable to find that Plaintiffs have demonstrated that they were similarly situated with other proposed class members and therefore denies Plaintiffs' request for certification."); Order, p. 8, *Rivera v. Stryten Energy, LLC*, No. 6:21-cv-2056-CJW-MAR (N.D. Ia. July 28, 2022), ECF No. 35 ("Plaintiff is correct that this first stage of conditional certification presents a relatively low burden. But plaintiff does not clear that burden here.").

Page 4 of 14
**Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.**
**U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH**
**Reply in Support of Motion for Conditional Certification**

had not met her burden to show she was similarly situated to half of the collective she sought to represent. *Id.* at *8–9.

Further, Defendant's bemoaning of courts' refusal to engage with merits or credibility arguments at this stage is nothing more than speculation and outrage-mongering. Defendant claims that Plaintiff may raise any allegations he chooses while any counterevidence presented by Defendant will be ignored as a credibility or merits argument. *See* Resp., p. 13. Notably, Defendant doesn't actually raise any documentary evidence to refute Plaintiff's presentation of similarity in this case, aside from a self-serving declaration.[3] This battle of declarations is the entire basis of the ban on credibility arguments. Defendant claims that plaintiffs may simply allege any facts that will get them conditional certification, apparently arguing that defendants ought to be allowed to do the same thing, this time armed with disproportionate resources such as an army of human resources personnel and corporate attorneys. It's really no wonder that courts refuse to examine merits or credibility arguments at this stage—to do otherwise would simply trample the effectiveness of the FLSA's protection of workers' rights and render it useless.[4]

In keeping with the power imbalance referenced above, many courts chose to engage in the two-step process because the statute of limitations on un-joined potential

---

[3] Defendant attached an exhibit to the Affadavit of Eric Gilson, but this document merely outlines Plaintiff's employment history with Defendant and provides no new information bearing on Plaintiff's similarity to other Slot Technicians.

[4] Defendant's argument against certification regarding Plaintiff's dissimilarity from the putative collective is a spot-on example of this power imbalance at play: Defendant, having unlimited access management documents and human resources experts, can simply claim Plaintiff's "job title no longer exists" in order to avoid answering to any employees who may fit the class definition. Plaintiff is then in the position of engaging in costly discovery simply to overcome the hurdle of showing that other employees exist who perform the same job duties that he does. Plaintiff knows these employees exist because he works alongside them every day, yet should the Court require the heightened scrutiny demanded by Defendant, his personal knowledge is insufficient in the face of Defendant's professional-grade documentation and resources.

Page 5 of 14
Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.
U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH
Reply in Support of Motion for Conditional Certification

plaintiffs continues to run until their respective consents to join have been filed with this Court, consents that cannot be filed if they have not been received. *See, e.g.*, *Gortat v. Capala Bros.*, No. 07-CV-3629 (ILG), 2010 U.S. Dist. LEXIS 35451, at *30 (E.D.N.Y. Apr. 9, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in, *see* 29 U.S.C. § 256(b), early certification and notice are favored in order to protect plaintiffs' rights. Thus, only a minimal evidentiary burden is imposed in order to satisfy the 'similarly situated' requirement."). The contortions that Defendant must twist itself into to argue that this is evidence that conditional certification is too lenient is laughable. Once again, the purpose of a collective action under the FLSA is to put employees on a level playing field with their employers. Defendant is correct that some employees may not even be aware that they have a valid claim until they receive notice that a lawsuit is pending—that is the very function of the FLSA and the purpose of § 216(b). In fact, it is every *employer's* responsibility to ensure that its employees are aware of their rights so that those employees know when they have a valid claim, and Defendant would seek to reduce theoretical costs to employers by trouncing on statutorily protected employee rights. *See* 29 U.S.C. § 211; 29 C.F.R. § 516.4.

    The Western District has been fully briefed on Defendant's arguments multiple times and declined to follow *Swales* each time. The historical two-tiered approach recognizes the power imbalance between employees and employers by imposing a lenient, but not non-existent, burden on plaintiffs seeking to conditionally certify a collective. Courts have further noted that judicial economy is served in using the two-step process because it is an efficient way of handling complex cases. Courts across

Page 6 of 14
**Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.**
**U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH**
**Reply in Support of Motion for Conditional Certification**

the country have managed to find similarity (or not) based on this lenient burden without the restrictions and guidance Defendant would impose on their discretion. This Court should likewise decline to entertain Defendant's hyperbolized outrage against the two-tiered model.

**B. The Court should grant Plaintiff's Motion for Conditional Certification.**

The Court should grant Plaintiff's Motion because Plaintiff has met his lenient burden to show that he is similarly situated to others who were subject to Defendant's unlawful practice or policy. Plaintiff's declaration filed in support of his Motion is adequate to demonstrate that he and others in his position were subject to Defendant's unlawful policies and practices regardless of location. Defendant's argument against certification rests on a legally unsupportable fact-based analysis of Plaintiff's claims and the credibility of his declaration, which is improper at this stage of the litigation. *In re Pilgrim's Pride Fair Labor Standards Act Litig.*, 2008 U.S. Dist. LEXIS 93966, at *9 (W.D. Ark. Mar. 13, 2008) ("at this stage, the Court does not make credibility determinations or resolve contradictory evidence presented by the parties") (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1099 n.17 (11th Cir. 1996)); *see also Smith v. Frac Tech Servs.*, No. 4:09-cv-679-JLH, 2010 U.S. Dist. LEXIS 18657, at *13 (E.D. Ark. Feb. 26, 2010); *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510 (W.D. Tex. Aug. 27, 2015)

Plaintiff's declaration need only be based on personal knowledge. *Galigher v. Neo Cabinet*, No. 2:20-cv-2140, 2021 U.S. Dist. LEXIS 4474, at *6–7 (W.D. Ark. Jan. 11, 2021) (quoting *Buford v. Superior Energy Servs.*, No. 4:17-cv-323-KGB, 2018 U.S. Dist. LEXIS 237383, at *9 (E.D. Ark. June 1, 2018)). Personal knowledge of an

Page 7 of 14
**Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.**
**U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH**
**Reply in Support of Motion for Conditional Certification**

employer's practices can be gained through conversations with other employees and observations made in the course of employment and can include inferences and opinions that are grounded in personal observation and experience. *Rosello v. Avon Prods.*, No. 14-1815 (JAG/BJM), 2015 U.S. Dist. LEXIS 83388, *14–15 (D.P.R. June 24, 2015) (Magistrate Judge) ("Personal knowledge may be contextually inferred, and courts at the conditional certification stage often presume an employee's familiarity with his employer's general practices and the general experiences of other employees.") (adopted at 2015 U.S. Dist. LEXIS 133159 (D.P.R. Sept. 28, 2015)); *McCloud v. McClinton Energy Grp., LLC*, No. 7:14-CV-120, 2015 U.S. Dist. LEXIS 20374, at *12, n. 5 (W.D. Tex. Feb. 20, 2015); *see also generally Banegas v. Calmar Corp.*, No. 15-593 SECTION "B"(1), 2015 U.S. Dist. LEXIS 104532, at *12 (E.D. La. Aug. 10, 2015) (finding that the plaintiff's affidavit was based on the plaintiff's own observations and conversations, which were sufficient to demonstrate personal knowledge); *Simmons v. Valspar*, No. 10-3026 (RHK/SER), 2011 U.S. Dist. LEXIS 39340, at *11 (D. Minn. Apr. 11, 2011) (rejecting employer's argument that employee affidavits were not based on personal knowledge and finding that "[i]t is reasonable to infer from the evidence submitted that Plaintiffs, as employees of Valspar, would have learned during the normal course of their employment how the company operates and what the company's policies were") (internal citations, quotation marks and editing marks omitted).

Plaintiff's declaration meet this standard, regardless of Defendant's counter-evidence. In the declaration, Plaintiff describes his own experiences, his own observations of the members of the collective, and the policies of Defendant which resulted in the FLSA violations alleged in this case. *See generally*, Decl. of Christopher

Page 8 of 14
**Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.**
**U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH**
**Reply in Support of Motion for Conditional Certification**

Phillips ("Decl. Phillips"), ECF No. 10-6. Plaintiff stated that he worked for Defendant as a Slot Technician Supervisor, and was primarily responsible for training new employees, diagnosing and repairing slot machines, and moving slot machines around as needed. Decl. Phillips ¶ 6. Plaintiff's job duties were rote and routine, and he was required to seek input from his supervisors should any unusual circumstances arise. *Id.* at ¶ 11. Despite this, Defendant classified Plaintiff and other Slot Technician Supervisors as exempt from the overtime requirements of the FLSA and paid them a salary. *Id.* at ¶ 5. Plaintiff did not have the authority to hire or fire employees, nor were his recommendations for hiring or firing given particular weight. *Id.* at ¶ 9. Plaintiff regularly worked more than 40 hours per week without receiving an overtime premium, and also received regular nondiscretionary bonuses. *Id.* at ¶ 14–24. Plaintiff knows that Defendant's other Slot Technician Supervisors worked the same duties, had the same job responsibilities, were subject to the same pay policies and worked the same hours because he worked alongside other Slot Technician Supervisors and discussed his job and pay with his fellow Slot Technician Supervisors. *Id.* at 7–8, 11, 15, 18, 21, 22–23, 24.

Defendant seeks to avoid certification by maintaining that the technical job position of "Slot Technician Supervisor" no longer exists. This is likely true because Defendant is in a position to know the internal structure of its own business. It is not, however, any sort of a bar to certification as Defendant argues. If the technical title no longer exists, then Plaintiff respectfully requests to redefine the class as those who perform the duties and are subject to the pay policies Plaintiff describes in his declaration. Moreover, § 216 collectives famously do not have a numerosity

Page 9 of 14
Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.
U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH
Reply in Support of Motion for Conditional Certification

requirement, and that the putative collective may contain small numbers does not mean it can't be certified.

In fact, courts regularly certify collectives that do not meet the Rule 23 numerosity requirement, and likewise will not decertify a collective based solely on a failure to garner significant numbers in the class.[5] In refusing to apply the rigorous Rule 23 analysis to FLSA collectives, most courts recognize that § 216(b) is "tailored specifically to vindicating federal labor rights, and where the conditions of § 216(b) are met, employees have a substantive 'right' to proceed as a collective, a right that does not exist under Rule 23." *Scott*, 954 F.3d at 519. *See also Lillehagen v. Alorica, Inc.*, No. SACV 13-0092-DOC (JPRx), 2014 U.S. Dist. LEXIS 67963, at *19 (C.D. Cal. May 15, 2014) (noting that "the majority of courts have long held that Rule 23 standards and requirements do not apply to Section 216(b) collective actions"). This remedial purpose of the FLSA is demonstrated in the adoption of the two-step certification analysis— justice is better served in certifying even the smallest of collectives and examining whether the collective should be finally certified at the second step. If none of the putative collective opt-in, or if so few opt-in so as to make it inefficient to proceed collectively, Defendant may file a decertification motion at the proper time.

Finally, Defendant's baseless argument that the lookback period cannot go farther than Plaintiff's own employment can be discounted out of hand. Courts regularly allow dissemination of notice going back three years from the filing of the original complaint because at this initial stage of the litigation, courts err on the side of inclusivity

---

[5] *See, e.g.*, *Laughlin v. Jim Fischer, Inc.*, No. 16-C-1342, 2018 U.S. Dist. LEXIS 93299, at *25 (E.D. Wis. June 4, 2018) (refusing to decertify a collective with eight opt-ins); *Schilling v. PGA Inc.*, 293 F. Supp. 3d 832, 843 (W.D. Wis. 2018) (refusing to decertify a collective with 11 opt-ins); *Bitner v. Wyndham Vacation Resorts, Inc.*, No. 13-cv-451-wmc, 2016 U.S. Dist. LEXIS 179661 (W.D. Wis. Dec. 28, 2016) (refusing to decertify a collective with eight opt-ins).

Page 10 of 14
Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.
U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH
Reply in Support of Motion for Conditional Certification

because "judicial economy is served by conditionally certifying a larger, more inclusive class." *Turner v. Concentrix Servs.*, No. 1:18-cv-1072, 2020 U.S. Dist. LEXIS 16785, at *21 (W.D. Ark. Feb. 3, 2020) (internal quotations and citations omitted).

### C. Plaintiff's Notice and Means of Distribution Are Reasonable.

Notice is a matter for the Court to decide. A plaintiff should be allowed to use the language of his choice in drafting the notice, and his notice language should be approved absent reasonable objection. *Vargas v. Richardson Trident Co.*, 2010 U.S. Dist. LEXIS 15104, *36 (S.D. Tex. Feb. 22, 2010); *Gandhi v. Dell, Inc. & Dell Mktg. USA, L.P.*, 2009 U.S. Dist. LEXIS 96793, *5–6 (W.D. Tex. Oct. 20, 2009). "The only changes made by the Court result from its duty to ensure that the notice is fair and accurate." *Id.* (internal quotation marks omitted). Defendant's objections to Plaintiff's proposed notice, and the notice process, are not reasonable, nor do they serve to make the notice process more fair or accurate.

*1. The Court should approve Plaintiff's proposed Notice and Consent forms.*

Plaintiff's proposed Notice essentially copies the *de facto* standard in this district. Notice that is identical in form to Plaintiff's proposed notice in this case has been approved by this Court multiple times in the past few years alone. *See, e.g.*, *Harrison v. Hog Taxi, LLC*, No. 5:19-CV-05025, 2019 U.S. Dist. LEXIS 153980 (W.D. Ark. Sep. 10, 2019); *McChesney v. Holtger Bros., Inc.*, No. 4:17-cv-00824-KGB, 2019 U.S. Dist. LEXIS 2435 (E.D. Ark. Jan. 7, 2019). *See also, Coates, et al. v. Dassault Falcon Jet Corp.*, No. 4:17-372-JLH, ECF No. 34 (E.D. Ark. Nov. 21, 2017); *Latcham, et al. v. U.S. Pizza Company, Inc.*, No. 4:16-cv-285-BSM, ECF No. 14 (E.D. Ark. June 5, 2017); *Helms, et al. v. Ford Engineering, Inc., et al.* No. 4:16-cv-541-DPM, ECF No. 19 (E.D.

Page 11 of 14
**Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.**
**U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH**
**Reply in Support of Motion for Conditional Certification**

Ark. Aug. 3, 2017); *Floyd, et al. v. Allied Food Industries, Inc.*, No. 4:17-cv-613-BRW, ECF No. 20 (E.D. Ark. May 24, 2018); *Womack, et al. v. St. Francis County, Arkansas*, No. 2:17-cv-205-BRW, ECF No. 12 (E.D. Ark. March 8, 2018); *Ash, et al. v. K-Mac Enterprises, Inc.*, No. 4:17-cv-385-DPM, ECF No. 22 (E.D. Ark. Dec. 27, 2017); *Adams, et al. v. United Cerebral Palsy of Central Arkansas, Inc., et al.*, No. 4:16-cv-930-JLH, ECF No. 14 (E.D. Ark. April 27, 2017).

Defendant makes a great deal of noise regarding Plaintiff's counsel's theoretical failure to revise or edit the proposed notice in this case to correspond to requested changes by this Court in a few other cases, but as cited above, this Court has approved Plaintiff's proposed notice without these edits as well.[6] Further, Plaintiff has in no way indicated that he is unwilling to make edits based on the Court's rulings.[7] Plaintiff's proposed notice in this case is exactly that—*proposed*. The Court may make adjustments based on Defendant's objections or to ensure fairness as it sees fit. Defendant, however, has not provided an actual reason for the edits it requests, it doesn't claim that the information is incorrect or misleading, it merely states that the edits should be made because they've been required in a few prior cases without regard to the fact that the edits have not been required in quite a few more cases.

---

[6] Specifically, with respect to Defendant's objection to the Proposed Notice ¶ 12 regarding severance, the District of Nebraska has noted that the paragraph was "relatively innocuous" and "appropriate to provide as much information as possible from which putative collective members 'can make informed decisions about whether to participate' in this case." *Mahoney v. CommonSpirit Health*, No. 8:21CV23, 2021 U.S. Dist. LEXIS 238830, at *14 (D. Neb. Dec. 14, 2021); *Friedly v. Union Bank & Tr. Co.*, No. 4:21CV3105, 2021 U.S. Dist. LEXIS 233948 (D. Neb. Nov. 19, 2021) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989)).

[7] That Defendant would call attention to these minor details and use them to cast very targeted aspersions at Plaintiff's counsel, as well as the lengths to which Defendant goes to sway the Court regarding the unnecessary cost and "artificial" inflation of collective action litigation in general, leads Plaintiff to believe Defendant is attempting to pre-litigate a potential fee petition from Plaintiff. Plaintiff respectfully requests that the Court refuse to engage in this petty mudslinging and consider each of Plaintiff's motions before this Court on its own merit and in its proper course.

Page 12 of 14
Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.
U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH
Reply in Support of Motion for Conditional Certification

> 2. *The Court should approve Plaintiff's proposed means of disseminating Notice.*

Defendant has pointed out that Plaintiff's request regarding a reminder was unclear and Plaintiff apologizes for that unclearness. Plaintiff respectfully requests that she be permitted to send one U.S. Mail reminder to each putative opt-in who has not responded to the original notice after 30 days. The language in Plaintiff's proposed reminder has been approved exactly as requested in many prior cases, but if the Court determines that Plaintiff should include a judicial disclaimer, Plaintiff is happy to do so.

Defendant should be required to provide all requested contact information for the collective. Upon a returned notice, Plaintiff immediately uses that potential opt-in's former address and phone number to locate a new address. Defendant's objection to the disclosure of this information is merely a tactic to delay dissemination of notice to opt-ins who may have recently moved or otherwise be difficult to locate. Moreover, courts frequently order employers to disclose this information upon certification. *See Roche v. S-3 Pump Service, Inc.*, 15-cv-268-XR, 2015 U.S. Dist. LEXIS 89013, at *8 (W.D. Tex. July 9, 2015). Finally, to the extent that the Court is inclined to entertain Defendant's request to delay production of the employee list any longer than one week, the Court should also toll the statute of limitations for the same amount of time. This is not a matter of convenience; the statute of limitations continues to run for each notice recipient until he or she joins the case. *Gortat v. Capala Bros.*, No. 07-CV-3629 (ILG), 2010 U.S. Dist. LEXIS 35451, *30 (E.D.N.Y. Apr. 9, 2010).

### D. Conclusion

Plaintiff has met his burden of demonstrating that he and the class are similarly situated for purposes of conditional certification and distribution of notice. Defendant's

Page 13 of 14
Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.
U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH
Reply in Support of Motion for Conditional Certification

arguments to the contrary are either inappropriate credibility-based or merits-based arguments or are only appropriate at the final certification stage according to Eighth Circuit precedent. Further, Plaintiff's proposed Notice and distribution plan are fair and consistent with both common practice and the purposes of the FLSA. The Court should grant Plaintiff's Motion for Conditional Certification in its entirety.

Respectfully submitted,

**CHRISTOPHER PHILLIPS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 14 of 14**
**Christopher Phillips, et al. v. Oaklawn Jockey Club, Inc.**
**U.S.D.C. (W.D. Ark.) No. 6:23-cv-6055-SOH**
**Reply in Support of Motion for Conditional Certification**