IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER PHILLIPS, Individually
and on Behalf of Others Similarly Situated                                                              PLAINTIFF

v.                                        Case No. 6:23-cv-6055

OAKLAWN JOCKEY CLUB, INC.                                                                            DEFENDANT

## ORDER

Before the Court is Plaintiff Christopher Phillips' Motion to Certify Collective Action. ECF No. 10. Defendant Oaklawn Jockey Club, Inc. ("Oaklawn") responded. ECF No. 12. Plaintiff replied. ECF No. 15. The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. ECF No. 2. Plaintiff proceeds on behalf of himself and all others similarly situated. Plaintiff alleges that Defendant Oaklawn erroneously categorized him and others as exempt from the overtime provisions of the FLSA and failed to pay overtime wages owed to them.

In the instant motion, Plaintiff seeks to conditionally certify a collective action for his FLSA claims pursuant to 29 U.S.C. § 216(b). ECF No. 10. Plaintiff proposes a collective defined as "All Slot Technician Supervisors employed by Defendant since May 2, 2020." Plaintiff attached his sworn declaration describing his work and the estimated number of other individuals who would be part of the collective. ECF No. 10-6. Plaintiff also attached his proposed means of communicating with potential members of the proposed collective. ECF Nos. 10-1, 10-2, 10-3, & 10-4. Oaklawn responded in opposition, generally arguing that the prevailing method of evaluating proposed collective actions is outdated and that Plaintiff has failed to demonstrate that

a collective is appropriate in this matter. ECF No. 12. Plaintiff replied, emphasizing the minimal showing necessary to certify a collective under the standard used in this Circuit. ECF No. 15.

The original attorneys representing Plaintiff withdrew after filing the instant motion. ECF Nos. 21 & 22. The Court then directed Plaintiff's current counsel to provide an update as to their intentions regarding the pending motion to certify a collective and if they intended to maintain the motion and rest on the existing briefing. ECF No. 23. Plaintiff's current counsel informed the Court that they would rest on the existing briefings but would submit amended documents regarding their communications with potential members of the proposed collective. ECF No. 24. Plaintiff subsequently submitted the amended proposed communication documents. ECF Nos. 25-1, 25-2, 25-3, & 25-4.

## II. DISCUSSION

### A. Potential Reevaluation of Conditional Certification Standard

In response to the instant motion, Oaklawn argues that the Court should not apply the prevailing standard in the Eighth Circuit for evaluating requests to conditionally certify a collective action for FLSA claims. ECF No. 12, p. 1-17. Oaklawn notes that the two-tier approach used by district courts in the Eighth Circuit traces its lineage to the Fifth Circuit case *Mooney v. Aramco*, 54 F.3d 1207 (5th Cir. 1995). Oaklawn then notes that the Fifth Circuit in *Swales v. KLLM Transp. Serv., LLC*, 985 F.3d 430 (5th Cir. 2021) recently rebuked the notion that it had endorsed the two-tier approach for evaluating motions to conditionally certify a collective action. Oaklawn emphasizes that the Fifth Circuit in *Swales* rejected the two-tier approach that courts in this Circuit took from *Mooney* because it places too little burden on a plaintiff seeking to conditionally form a collective and leads to unfounded litigation. Oaklawn contends that the Court should abandon the

standard applied in this Circuit and apply the process outlined in *Swales* in which a short discovery period is permitted prior to determining if it is appropriate to certify a collective.

In reply, Plaintiff emphasizes that this Court and every other district court in the Eighth Circuit currently applies the two-tier standard for evaluating motions to conditionally certify collective actions. ECF No. 15, p. 1-7. Plaintiff also asserts that no district court in the Eighth Circuit has chosen to apply the approach outlined in *Swales*.

The Court will apply the two-tier approach utilized by district courts in the Eighth Circuit. The Court recognizes that *Swales* rejected the two-tier approach. 85 F.3d at 439-443. However, that approach still prevails among district courts in this Circuit, and many have declined to apply *Swale* since its decision. *See Peck v. Mercy Health*, No. 4:21-CV-834 RLW, 2023 WL 1795421, at *3 (E.D. Mo. Feb. 7, 2023) (collecting district court cases within the Eighth Circuit that have declined to adopt the approach taken in *Swales*). Accordingly, the Court declines to depart from the two-tier approach at this time.

**B. Standard for Conditionally Certifying FLSA Collective Action**

"The FLSA allows named plaintiffs to sue 'for and in behalf of . . . themselves and other employees similarly situated.'" *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (quoting 29 U.S.C. § 216(b)). The collective action process under the FLSA requires plaintiffs to use an opt-in mechanism instead of the opt-out procedures for class actions under Federal Rule of Civil Procedure 23. *Freeman v. Tyson Foods, Inc.*, No. 5:21-CV-05175, 2022 WL 3566615, at *2 (W.D. Ark. Aug. 18, 2022) (citation omitted). "The FLSA gives the Court 'the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the

Federal Rules of Civil Procedure.'" *Id*. (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, (1989)).

"[C]ertification of a collective action depends on whether the named plaintiffs are similarly situated to the putative class." *Id*. While the Eighth Circuit has not defined what "similarly situated" means, district courts within the Eighth Circuit have utilized a two-stage process for certifying collective actions in FLSA cases. *See id*. This Court recently summarized this process:

> Under the two-stage approach to certifying a collective action, when named plaintiffs move for certification of a collective action—typically early in the discovery process—a court considers whether "plaintiffs and potential class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner." Courts typically base this initial determination solely on the pleadings and affidavits that have been submitted, and avoid making credibility determinations or findings of fact. . . . Some factors that may be considered by district courts making this determination include: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all workers were subjected to the same policies and practices, and whether those policies and practices were established in the same manner by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. If notification is deemed appropriate, the class is conditionally certified for notice and discovery purposes and the case proceeds as a representative action.

*Id*. at *2-3 (internal citations and quotations omitted). The power to conditionally certify a collective and authorize notice to putative class members is within the discretion of the district court. *Harris v. Georgia-Pacific Wood Products, LLC*, No. 6:19-cv-06001-RTD, 2019 WL 13328597, at *4 (W.D. Ark. Apr. 11, 2019). "After the close of discovery, should Defendant[] believe that any collective action members who opt to join this case are not similarly situated, they may file a motion for decertification." *Bonton v. Centerfold Ent. Club, Inc.*, Case No. 6:14-CV-6074, 2014 WL 12837002, at *2 (W.D. Ark. Oct. 9, 2014).

**C. Whether Plaintiff is Similarly Situated to the Putative Class**

Plaintiff argues that he has satisfied the small burden necessary to show that conditional certification of the proposed collective is appropriate in this matter. ECF No. 11, p. 7-11. Plaintiff contends that his affidavit submitted in support of the instant motion makes the requisite showing for conditional certification for all "Slot Technician Supervisors" that worked for Defendant since May 2, 2020. Plaintiff asserts that all Slot Technician Supervisors were similarly situated because they had the same job title and work duties, worked in the same location, and were subject to the same policies that resulted in violations of the FLSA during the same period.[1] Plaintiff concludes that this initial showing is more than sufficient to grant conditional certification of the proposed collective and permit Plaintiff to send notice to potential members of the collective.

Defendant argues that Plaintiff failed to meet his burden of showing that the proposed class is similarly situated. ECF No. 12, p. 17-19. Defendant notes that Plaintiff's affidavit contains incorrect statements regarding the number of Slot Technician Supervisors that worked at the same time as Plaintiff and the identities of employees he believes worked in the same position. Defendant also asserts that there are so few potential collective members that this matter is not appropriate for a collective action. Defendant also contends that the proposed class time period should be limited to Plaintiff's employment tenure with Defendant from May 2021 to October 2022. Defendant also notes that Plaintiff makes erroneous assertions regarding the authority he and others in his position had over other employees. Defendant states that it will become obvious that the proposed collective consists of employees exempt from FLSA overtime requirements and that certification would be a waste of time and resources.

---

[1] While not directly stated by Plaintiff, the website linked by Plaintiff indicates that Defendant Oaklawn operates its business in Hot Springs, Arkansas. ECF No. 3, p. 2.

In reply, Plaintiff argues that Defendant failed to refute that Plaintiff met his burden under the prevailing lenient standard applied by courts in the Eighth Circuit. ECF No. 15, p. 7-11. Plaintiff contends that Defendant's factual criticisms and credibility arguments are not applicable at this stage. Plaintiff also contends that the small size of a proposed collective is no barrier to use of the collective process.

The Court finds that Plaintiff has made the small showing necessary to conditionally certify the proposed collective. Plaintiff submitted sworn statements asserting that he and others worked in the same position in the same location during the same period and were subject to the same policies that allegedly violated the FLSA. That showing is sufficient at this stage and the Court cannot entertain the credibility and factual arguments Defendant makes in opposition. *See Freeman*, 2022 WL 3566615, at *2-3. However, pursuant to its discretion to determine what criteria would make individuals similarly situated to Plaintiff, the Court also finds it appropriate to limit the time period applicable to the proposed collective to the period of Plaintiff's employment.[2] *See Harris*, 2019 WL 13328597, at *4. Accordingly, the conditionally certified collective will consist of Slot Technician Supervisors that worked for Defendant at any time from May 2021 until October 2022.

**D. Proposed Notice and Consent Communications**

Plaintiff argues that the Court should approve Plaintiff's proposed communications with potential members of the collective. ECF No. 11, p. 13-20. Plaintiff proposes to send an initial Notice (ECF No. 25-1) via mail to potential members of the collective informing them of the opportunity to opt in to the collective action, along with a Consent to Join (ECF No. 25-2) form

---

[2] Other courts have similarly found it appropriate to limit the conditionally certified collective to the time period in which the named plaintiff worked for the defendant. *See, e.g., Mitchell v. Brown's Moving & Storage Inc.*, Case No. 4:19-cv-00783-LPR, 2021 WL 7541483, at *3 (E.D. Ark. Jan. 11, 2021).

that potential members would use to opt in to the collective action. Plaintiff also proposes to electronically transmit those items to potential members via email (ECF No. 25-3) and allow the potentials members to use electronic signature on the Consent to Join form to opt in to the collective action. Plaintiff proposes a ninety-day (90) opt-in period in which to distribute the Notice form and permit potential members to sign and submit the Consent to Join form. Plaintiff also proposes to mail a Follow-Up reminder via postcard thirty (30) days after the initial Notice is sent. Plaintiff requests that the Court direct Defendant to provide the names, last known mailing address, last known work and personal email address, and cell phone numbers of the potential collective members to Plaintiff in an electronic format. Plaintiff requests that Defendant be required to provide that information within seven (7) days of the date of any order granting the instant motion.

Defendant raises several objections to Plaintiff's proposed means of communication with potential members of the collective. ECF No. 12, p. 19-21. Defendant asserts that language should be added to the Notice addressing the Court's neutrality on whether a potential member should opt in to the collective and the lack of any claims of employer retaliation in this case. Defendant contends the language regarding the Court's neutrality should also be included in the Follow-Up reminder. Defendant also asserts that the "Effect of Severance" portion of the Notice should be removed. Defendant also requests that Plaintiff be required to choose either mail or electronic method for sending the Follow-Up reminder, as it is currently ambiguous as to which method would be used. Defendant also contends that there is no reason to provide cell phone numbers of potential members of the collective and that Defendant should be given fourteen (14) days to provide any contact information in its possession.

In reply, Plaintiff argues that Defendant's concerns are unfounded and overstated. ECF No. 15, p. 11-14. Plaintiff notes that the language in its proposed communications documents has previously been approved by courts, but also states that he understands the Court's discretion to require adjustments in response to Defendant's objections. Plaintiff then clarifies that he is requesting to send the Folow-Up reminder via mail. As to the requested cell phone numbers of potential collective members, Plaintiff states that such information is required to communicate with individuals who opt in to the action and to attempt to communicate with those whose mailing address may have changed.

The Court generally approves of the proposed communications Plaintiff has presented. However, the Court will direct Plaintiff to make the modifications requested by Defendant. Also, the date range listed in the communications for potential members of the collective must also be altered to conform with the Court's determination that the collective will only consist of individuals employed by Defendant at some point during the period in which Plaintiff was employed by Defendant. Further, due to the limited number of individuals anticipated to make up the collective, the opt-in period in which to distribute notice to potential members and obtain their consent to join the collective will be limited to sixty (60) days. As to the contact information requested by Plaintiff, the Court finds that all the material requested is appropriate and should be provided to Plaintiff within ten (10) days of the date of this order. Plaintiff will be directed to disseminate the initial Notice and Consent to Join communications within ten (10) days of receiving the requested contact information from Defendant.

**E. Equitable Tolling**

Plaintiff raises the issue of equitable tolling for the claims of potential members of the proposed collective. The Court will not consider arguments regarding equitable tolling at this time.

### III. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion to Certify Collective Action (ECF No. 10) should be and hereby is **GRANTED**. However, the collective will be defined as "All Slot Technician Supervisors" employed by Defendant at any time from May 2021 to October 2022. Plaintiff is hereby **directed** to make the following modifications to the proposed communications with potential members of the collective:

- All communications referencing the time period applicable to the collective must be adjusted to match the time period mandated by the Court: May 2021 to October 2022.

- Plaintiff's Notice (ECF No. 25-1) and Follow-Up (ECF No. 25-4) shall include language that states, "The Court does not encourage or discourage participation in this case."

- Plaintiff's Notice (ECF No. 25-1) shall include language at the beginning of the "Retaliation Prohibited" section that states, "This case does not involve claims or allegations that Defendant has retaliated against former or current employees."

- Plaintiff's Notice (ECF No. 25-1) shall omit the "Effect of Severance" section.

Defendant is hereby **directed** to provide Plaintiff with any of the requested contact information in its possession in a manipulatable electronic format within ten (10) days of the date of this order. Plaintiff must disseminate the initial Notice and Consent to Join communications within ten (10) days of receiving that contact information from Defendant. Potential members of

the collective will have sixty (60) days from that initial dissemination to opt in to the collective action.

**IT IS SO ORDERED**, this 5th day of January, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge